2008 UT App 395

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jack WILKINSON, Defendant and Appellant.**

**No. 20060904–CA.**

Court of Appeals of Utah.

Oct. 30, 2008.

---

72. *DiBlasio*, 932 F.2d at 1041 (quoting *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. 623).

Margaret P. Lindsay, Spanish Fork; and Patrick V. Lindsay, Provo, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and BENCH.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Jack Wilkinson was convicted of possession of a controlled substance, *see* Utah Code Ann. § 58–37–8(2)(a)(i) (Supp.2005), and providing false information to a police officer, *see* Utah Code Ann. § 76–8–507(1) (2003). Wilkinson appeals, challenging the district court's denial of his motion to suppress evidence obtained when Wilkinson was searched during a traffic stop. We affirm.

## BACKGROUND

¶ 2 On February 8, 2005, Officer Plank of the Utah State Bureau of Investigations stopped a vehicle for speeding. Wilkinson was a passenger in the rear seat of the vehicle on the driver's side. When Officer Plank approached and spoke with the driver, Novetta Payne, she immediately informed him that her driver license was suspended. Officer Plank returned to his vehicle where he verified Payne's suspended license and requested that a canine unit be dispatched to the scene. At some point early in the stop, Officer Plank requested the names of the passengers. Wilkinson gave Officer Plank a false name.

¶ 3 The canine handler, Deputy Williams, was in the area and arrived approximately two minutes after Officer Plank's request. Deputy Williams deployed his dog to sniff the exterior of the vehicle for drugs, and the dog indicated on the driver's side of the vehicle. The officers had the vehicle's occupants step out of the vehicle, and the dog then indicated on Wilkinson. Deputy Williams also recognized Wilkinson's true identity, and the officers determined that there was a warrant for his arrest. The officers arrested Wilkinson pursuant to the warrant, and a search of Wilkinson incident

to his arrest revealed methamphetamine on his person.

¶ 4 Charged with drug and false information offenses, Wilkinson moved to suppress the evidence obtained as a result of the traffic stop. Wilkinson argued that Officer Plank's request for a canine unit was unsupported by reasonable suspicion and was therefore an impermissible extension of the scope and duration of Wilkinson's detention. The district court denied Wilkinson's motion, and he was convicted at trial. Wilkinson appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 Wilkinson argues that the district court erred in determining that Officer Plank's request for a canine unit did not impermissibly expand the scope or duration of Wilkinson's detention. Challenges to suppression rulings present questions of law that we review for correctness. *See Layton City v. Oliver*, 2006 UT App 244, ¶ 11, 139 P.3d 281 ("We review the trial court's ruling on a motion to suppress for correctness, without deference to the trial court's application of the law to the facts.").

## ANALYSIS

¶ 6 The only issue before us is Wilkinson's argument that a violation of his Fourth Amendment rights, *see* U.S. Const. amend. IV,[1] occurred in the short period of time between the actual stop of the vehicle and Wilkinson's arrest on the warrant. Wilkinson argues that Officer Plank unlawfully extended both the scope and duration of Wilkinson's detention in the few moments that he took to request that a canine unit be dispatched to the scene of the stop and that the incriminating events that followed—Deputy Williams's identification of Wilkinson, the discovery of Wilkinson's warrant status, the drug dog alerting, and Wilkinson's arrest and search—all flow from Officer Plank's impermissible request. Wilkinson argues that evidence discovered in the search should therefore be suppressed and his criminal convictions reversed. We disagree and hold

---

1. Wilkinson does not argue that his detention violated the Utah Constitution.

that Officer Plank's request for a canine unit did not impermissibly expand the scope or duration of Wilkinson's detention under the circumstances.

¶ 7 Wilkinson's argument that Officer Plank's request extended the *scope* of the detention is unavailing in light of *Illinois v. Caballes,* 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). In *Caballes,* the United States Supreme Court held that the use of a dog to reveal drugs during the course of an otherwise lawful traffic stop does not implicate a reasonable expectation of privacy because it *only* reveals contraband and therefore does not alter the nature of the stop itself. *See id.* at 408, 125 S.Ct. 834 ("[C]onducting a dog sniff would not change the *character* of a traffic stop that is lawful at its inception and otherwise executed in a reasonable manner, unless the dog sniff itself infringed respondent's constitutionally protected interest in privacy. Our cases hold that it did not." (emphasis added)). If the arrival and deployment of the canine unit cannot be said to implicate reasonable privacy interests or impermissibly expand the scope of a detention, it follows that the mere request for such assistance does not implicate those same interests either.[2] *See id.* at 407–08, 125 S.Ct. 834.

¶ 8 Wilkinson's remaining argument, that Officer Plank's request for a canine unit unreasonably extended the *duration* of Wilkinson's detention, presents a closer question. Here, the district court found that "the duration of the stop was not extended by the canine sniff, not even by the few seconds it took to call for the dog." Wilkinson argues, cursorily, that the district court's conclusion is erroneous both because the record is unclear as to how long Officer Plank's request actually took and because Officer Plank took some unspecified additional amount of time to apprise Deputy Williams of what was "go-

ing on" upon his arrival. Because these events necessarily took *some* time and were related to the investigation of narcotics violations rather than speeding, Wilkinson argues that the justified seizure for speeding was unlawfully prolonged.

¶ 9 Wilkinson's argument essentially asks that courts micromanage the actions and decisions of police officers during traffic stops and other detentions. Wilkinson's proposed rule—that *any* deviation from the pursuit of the immediate purpose of a stop automatically and impermissibly extends the stop—would place untenable demands on officers on the street. If we were to agree with Wilkinson's argument, an officer would violate a detainee's rights by attending to any number of minor, unrelated matters that might arise during the course of a traffic stop.[3] We decline Wilkinson's invitation to evaluate each traffic stop with a second-by-second accounting of an officer's actions and instead evaluate the reasonableness of the overall duration of Wilkinson's detention under the totality of the circumstances. *See State v. Worwood,* 2007 UT 47, ¶ 28, 164 P.3d 397 ("The reasonableness of a detention should be evaluated on the basis of the totality of the circumstances facing the officer, not on judicial second-guessing.").

¶ 10 The district court found, and Wilkinson does not challenge, that the time lapse between the initial stop and the conclusion of the dog sniff was six to ten minutes. The stop was initiated in response to Payne's speeding but quickly evolved into an investigation of Payne's driving on a suspended license. This necessarily complicated the stop because Payne could not legally drive the vehicle away from the scene. Wilkinson provides no reason for us to conclude that a six to ten minute detention is unreasonable under these circumstances. To the contrary, such a short period of detention seems immi-

---

**2.** Wilkinson cites a single case, *United States v. Ladeaux,* 454 F.3d 1107 (10th Cir.2006), for the proposition that a request for a canine unit impermissibly expands the scope of a traffic stop. However, *Ladeaux* did not turn on the officer's request for a dog, which was not addressed in the opinion, but rather on the officer's request to the vehicle's occupants to roll up the vehicle's windows and turn on the vents to assist in the dog sniff. *See id.* at 1110–12.

**3.** In this case, the officers allegedly expended extra time to call for and deploy a drug dog, but what the officers actually did in those few extra seconds is irrelevant to Wilkinson's duration argument. Under Wilkinson's argument, his rights would have been violated to the same degree if the officers took those same few seconds to discuss another case, the weather, or their dinner plans.

nently reasonable in light of Payne's multiple violations and her legal inability to drive her vehicle away from the scene. We also note that this is not a case where the vehicle's occupants were additionally detained for the sole purpose of subjecting them to a dog sniff *after* the traffic stop was or should have been legitimately concluded. *See generally State v. Baker*, 2008 UT App 115, 182 P.3d 935, *cert. granted*, No. 20080351 (Utah July 11, 2008).

¶ 11 Under these circumstances, Wilkinson has not demonstrated that the few seconds Officer Plank took to request a canine unit unreasonably extended either the scope or duration of his detention.[4] Accordingly, we affirm the district court's denial of his motion to suppress.

## CONCLUSION

¶ 12 We determine that Wilkinson was not unlawfully detained during the stop of Payne's vehicle. The stop itself was adequately supported by reasonable suspicion of a traffic violation, and the request for a drug dog did not impermissibly expand either the scope or duration of Wilkinson's detention. Once the drug dog arrived on the scene of the stop, its indication of the presence of drugs provided independent reasonable suspicion to detain Wilkinson for investigation of possible drug offenses. Further, Wilkinson's total period of detention before the completion of the dog sniff, including the time spent processing routine matters related to the traffic stop, did not exceed ten minutes. Under the totality of these circumstances, we affirm the district court's denial of Wilkinson's motion to suppress.

¶ 13 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and RUSSELL W. BENCH, Judge.

---

4. We accept, for purposes of this analysis, that Wilkinson was in fact detained for the duration of the traffic stop and that his detention was justified by the need for officers to investigate Payne's traffic violations. *See generally State v. Baker*, 2008 UT App 115, ¶ 10, 182 P.3d 935 (applying the holding in *Brendlin v. California*, 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007), that a traffic stop detains both a vehicle's driver and its passengers), *cert. granted*, No. 20080351 (Utah July 11, 2008); *id.* ¶¶ 22–26 (Thorne, J., concurring) (discussing impact of *Brendlin* on passenger detention status).